IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 09-CR-02619 JB |
| | ) | |
| ERNIE MARTINEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255

Petitioner, Ernie Martinez, by and through his counsel of record, Jason Bowles of Bowles Law Firm, hereby files a motion to set aside the judgment in this case and correct his sentence pursuant to 28 U.S.C. § 2255. On May 5, 2016, Mr. Martinez filed a pro se Motion for Appointment of Counsel and made preliminary arguments under *Johnson v. United States*, 135 S.Ct. 2251 (2015).

On July 7, 2011, this Court sentenced Mr. Martinez to a term of 120 months imprisonment after finding that he was a career offender under U.S.S.G. § 4B1.1. The Court found Mr. Martinez to be a career offender after adopting the finding of the presentence report that his instant offense was a "crime of violence" and that he had at least two qualifying prior convictions that supported the career offender enhancement. In the judgment, the Court explained at length its decision to impose the sentence, which it chose, 120 months. Part of that reasoning included that Mr. Martinez was a career offender under the guidelines of U.S.S.G. § 4B1.1(a).

However, in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Mr. Martinez may no longer a career offender because his conviction for aggravated fleeing a law enforcement officer may no longer qualify as a career offender "crime of violence."[1] *E.g., United States v. Jennings*, 515 F.3d 980, 988-89 (9th Cir. 2008) (statute missing an element of generic crime of fleeing a police officer and doesn't qualify categorically as a crime of violence). This Court in the judgment found that this conviction qualified as a "crime of violence" under 4B1.1(a), pre-*Johnson*. The presentence report also found that this conviction qualified. Presentence Report at ¶ 23.

In *Johnson,* the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) as unconstitutionally vague. 135 S. Ct. at 2557. It follows from *Johnson* that the identical residual clause in the career offender provision (U.S.S.G. § 4B1.2(a)(2)) is also void for vagueness. Thus, the only remaining question here is whether Mr. Martinez's aggravating fleeing offense, and potentially other offenses in his record, qualify as a predicate "crime of violence" under the remaining "enumerated offenses" clause or "force" clause of the career offender provision (U.S.S.G.

---

[1] Under the career offender provision, an offense qualifies as a "crime of violence" if it is "punishable by imprisonment for a term exceeding one year" and it

> (1) has an element the use, attempted use, or threatened use of physical force against the person of another; [known as the force clause] or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives [known as the enumerated offenses clause], *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[ known as the residual clause.]

U.S.S.G. § 4B1.2(a) (emphasis added).

§ 4B1.2(a). The presentence report finds that Mr. Martinez does have a qualifying conviction for distribution of marijuana. Presentence Report at ¶ 23.

Hence, full briefing is needed to determine whether Mr. Martinez has the two necessary predicate convictions (either "crimes of violence" or "controlled substance offenses") to qualify him as a career offender, and his current sentence may violate due process of law in violation of 28 U.S.C. § 2255(a).

Mr. Martinez's petition is timely under 28 U.S.C. § 2255(f)(3) because he filed it within one year of the Supreme Court's decision in *Johnson* – a ruling which established a "newly recognized" right that is "retroactively applicable to cases on collateral review." Thus, Mr. Martinez respectfully requests that this Court grant his § 2255 motion, vacate his current sentence, and re-sentence him.

Due to time constraints, counsel cannot, at this time, fully brief the issues presented in this petition. Nonetheless, counsel will ask for leave to supplement this petition at a later time.

Respectfully submitted,

/s/ Jason Bowles
Jason Bowles
Bowles Law Firm
P.O. Box 25186
Albuquerque, N.M. 87125-5186
(505) 217-2680

I hereby certify that a true and correct copy
of the foregoing was electronically submitted
this 21st day of June, 2016 to:

Jon Stanford
Assistant United States Attorney


/s/ Jason Bowles
Jason Bowles
Bowles Law Firm