**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                             No.   09-cr-2619 JB
                                                                                      16-cv-0388 JB/SMV

ERNIE MARTINEZ,

    Defendant.

**ORDER STAYING RULING PENDING RULING IN *BECKLES***

THIS MATTER is before the Court on Mr. Martinez's Motion to Correct Sentence Under 28 U.S.C. § 2255, filed June 21, 2016, [CV Doc. 5; CR Doc. 62], and his Supplemental Motion to Correct Sentence Under 28 U.S.C. § 2255, filed July 29, 2016. [CV Doc. 12; CR Doc. 69]. The United States responded on October 6, 2016. [CV Doc. 13; CR Doc. 70]. Mr. Martinez did not reply, and the time for doing so elapsed. On November 7, 2016, the Court entered an Order to Show Cause Why Ruling Should Not Be Stayed Pending Ruling in *Beckles* ("Order to Show Cause"). [CV Doc. 14; CR Doc. 71]. The United States responded on November 8, 2016. [CV Doc. 15; CR Doc. 72]. Mr. Martinez responded November 9, 2016. [CV Doc. 16; CR Doc. 73]. Having reviewed the parties' responses, the Court hereby orders that ruling in this case be stayed pending the Supreme Court's decision in *United States v. Beckles* (S. Ct. No. 15-8544).

In its Order to Show Cause, the Court noted that Mr. Martinez has moved to vacate his sentence as unconstitutional pursuant to 28 U.S.C. § 2255, arguing that the residual clause of the definition of "crime of violence" in the career offender guideline of the United States Sentencing Guidelines, under which Mr. Martinez states he was sentenced, is unconstitutional per

*United States v. Johnson*, 135 S. Ct. 2551, 2557 (2015), and that *Johnson* should be applied retroactively to guidelines cases on collateral review. [CV Doc. 12; CR Doc. 69] at 4, 7–8. The United States argues that *Johnson* does not apply retroactively to guidelines cases on collateral review. [CV Doc. 13; CR Doc. 70] at 4.

The Court noted in its Order to Show Cause that, although the Tenth Circuit has invalidated, under *Johnson*, the residual clause of the career offender guideline, *United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015), it has not decided whether the rule in *Madrid* applies retroactively. These issues—whether *Johnson* should be extended to the career offender guideline, and, if so, whether such ruling should apply retroactively—are currently before the Supreme Court in *Beckles v. United States* (S. Ct. No. 15-8544). Believing that awaiting a ruling in *Beckles* would be the most prudent course of action, the Court ordered the parties to show cause why this case should not be stayed pending a decision in *Beckles*. [CV Doc. 14; CR Doc. 71].

In its response, the United States adopts the Court's assertion that this matter should be stayed pending the outcome of *Beckles*. [CV Doc. 15; CR Doc. 72].

Mr. Martinez disagrees and asks the Court to proceed to a decision in this case. [CV Doc. 16; CR Doc. 73]. As support for his position, Mr. Martinez attaches the recent Tenth Circuit opinion in *United States v. Miller*, No. 16-8080 (10th Cir. Nov. 2, 2016), noting only the following in his response: "The attached opinion by the Tenth Circuit Court of Appeals is directly relevant to this Court's decision on whether to stay this matter in light of *Beckles*." [CV Doc. 16; CR Doc. 73] at 1. He offers nothing more.

Mr. Martinez's exclusive reliance on the Tenth Circuit's opinion in *Miller*, absent any corresponding factual allegations or argument at all, does not convince the Court that a stay would be inappropriate. In *Miller*, the Tenth Circuit held that a district court abused its discretion when it stayed proceedings in a § 2255 case pending a final decision in *Beckles* where the petitioner was scheduled to be released before a decision in *Beckles* was likely to be handed down. *Miller*, No. 16-8080, at *2–3. In that case, the prisoner-petitioner argued that if he were re-sentenced he would likely be eligible for immediate release. *See id.* Moreover, he argued that even without being resentenced, he was still scheduled for release before a decision was expected in *Beckles*. *See id.* Therefore, the stay imposed by the district court "effectively operates as a dismissal of his claim." *Id.* at 3. The Tenth Circuit agreed with the petitioner. It found that staying the motion until the Supreme Court decides *Beckles* "will irreparably damage Miller by resulting in his unnecessary confinement." *Id.* at 6. Though the issues in *Beckles* "will be resolved in the near future," the decision will arrive "in all likelihood not soon enough to benefit the [petitioner] seeking relief." *Id.* The stay, the Tenth Circuit concluded, would "effectively . . . den[y]" petitioner "his right to timely resolution of his § 2255 motion." *Id.* at 7. Accordingly, the circuit court directed the district court to lift the stay and rule on the motion.

In this case, Mr. Martinez has not shown—or even alleged—the kind of facts on which the Tenth Circuit relied in *Miller*. Mr. Martinez does not suggest that he will be released before the Supreme Court decides *Beckles* or that, if his motion were granted, he would be eligible for release immediately or sometime before *Beckles* is decided. In other words, Mr. Martinez fails to allege that he would be prejudiced by a stay.

3

Moreover, based on the information Mr. Martinez has set out in his filings, it appears to the Court that he likely will not, in fact, be eligible for release before *Beckles* is decided—whether or not he is entitled to re-sentencing. Mr. Martinez was sentenced on July 7, 2011, to 120 months. [CV Doc. 12; CR Doc. 69] at 1. If he is not entitled to re-sentencing, the Court calculates that he will be released in July 2021. In his sentencing decision, from which Mr. Martinez quotes at length, Judge Browning noted that Mr. Martinez "'request[ed] that the Court vary downward to a sentence of 92 months, which is the equivalent of assessing no career criminal enhancement.'" *Id.* at 2 (quoting [CR Doc. 50] at 2). If Mr. Martinez had been sentenced without the career offender enhancement—which is precisely how he claims he should have been sentenced—the Court calculates that he would have been scheduled for release in March 2019. Thus, even if Mr. Martinez ultimately is entitled to re-sentencing without the career offender enhancement, by the Court's estimation, he likely still will not be entitled to release before the Supreme Court decides *Beckles*.

In short, Mr. Martinez has not shown that he would be prejudiced by a stay pending a ruling in *Beckles*. If Mr. Martinez can show that he would be prejudiced by a stay in this case, he may move to lift the stay. At this time, however, he has made no such showing (or even allegation), and the Court finds that a stay pending a decision in *Beckles* is appropriate.

**IT IS THEREFORE ORDERED** that ruling in this case is STAYED pending the Supreme Court's decision in *United States v. Beckles* (S. Ct. No. 15-8544).

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**